E-FILED
Friday, 07 September, 2007  03:44:02 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANNESTRA TAYLOR-DOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-1048 |
| | ) | |
| DAVID POEHLS, PEORIA SCHOOL DIST. | ) | |
| #150, DAVID NELSON, CITY OF PEORIA, | ) | |
| SHERIFF MICHAEL McCOY, STEPHEN | ) | |
| SMITH, PEORIA COUNTY, STEVE | ) | |
| SIZEMORE, JENNIFER STEITMATTER, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

On June 4, 2007, a Report & Recommendation was filed by Magistrate Judge Byron

G. Cudmore in the above-captioned case recommending the denial of a Motion to Dismiss

by Defendants City of Peoria (the "City"), Sheriff Michael McCoy ("Sheriff McCoy"), and

Stephen Smith ("Smith"), as well as a Motion to Dismiss by Defendant Jennifer Steitmatter

("Steitmatter").  Steitmatter filed a timely objection to the Report & Recommendation, and

this Order follows.

## BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report &

Recommendation of the Magistrate Judge and need not be restated here.  Suffice it to say

that this action arises out of events that transpired after Defendant David Poehls ("Poehls")

reported to the Department of Children and Family Services ("DCFS") and Peoria Police

Department that Plaintiff, Annestra Taylor-Doyle ("Taylor-Doyle"), was abusing her

daughter.  Poehls was the Dean of Students at Richwoods High School, where Taylor-Doyle's daughter was a student.  Taylor-Doyle, who was at that time a nurse working at the Children's Home of Illinois, was subsequently arrested and detained at the Peoria County Jail on charges of endangering the welfare of and domestic battery on a child.  No criminal charges were ultimately filed, and neglect petitions were dismissed.  Steitmatter, the Director of Human Resources at the Children's Home, then terminated Taylor-Doyle's employment.

Smith, McCoy, and Peoria County moved to dismiss for failure to state a claim based on the assertion that Taylor-Doyle was detained for less than 48 hours.  The Magistrate Judge recommended that the Motion be denied because the allegations coudl support the reasonable inference that she was detained for an unreasonably long time, regardless of whether or not the time actually exceeded 48 hours.  These Defendants have not filed a response to the Report and Recommendation, and it is therefore adopted with respect to their motion.

Steitmatter moved to dismiss Taylor-Doyle's state law claims for wrongful termination, as well as intentional interference with her prospective business relationship with the Children's Home.  The Magistrate Judge concluded that Taylor-Doyle's allegations of "unjustified interference" were sufficient to promote the inference of malicious action under the liberal notice pleading requirements of Rule 8 and recommended that Steitmatter's Motion to Dismiss be denied.  Steitmatter filed a timely objection, and this Order follows.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made.  *See* Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.

## ANALYSIS

In order to state a claim for interference with prospective economic advantage, a plaintiff must show:

> (1) a reasonable expectancy of entering into a valid business relationship; (2) the defendant's knowledge of that expectancy; (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy; and (4) damage to the plaintiff resulting from the defendant's interference.

Anderson v. Vanden Dorpel, 172 Ill.2d 399, 406-07 (Ill. 1996).  Steitmatter objects to the portion of the Report and Recommendation finding that the Complaint should not be dismissed because, while Taylor-Doyle did not specifically allege that Steitmatter acted in furtherance of her own personal goals or with the sole purpose of harming her, the allegations do not rule out the possibility of an improper motive.  The Magistrate Judge found that Taylor-Doyle may be able to prove that Steitmatter's actions were based on such an improper motive consistently with the allegations in the Complaint, resulting in a question of factual merit that cannot be resolved in a motion to dismiss.

After careful review, the Court concludes that Taylor-Doyle would have been better off to follow the example set forth in George A. Fuller Co., v. Chicago College of Osteopathic Medicine, 719 F.2d 1326, 1333 (7th Cir. 1983), and address the

- 3 -

requirement that the corporate officer must have acted out of personal motive or without the intent to further the interests of the corporation by including more than just a bald allegation of "unjustified interference."  That being said, the Court agrees with the Magistrate Judge that dismissal of the complaint would not be appropriate given the Seventh Circuit's recent admonition that "[a]ny decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P. 9(b)."  Vincent v. City Colleges of Chicago, 485 F.3d 919, 923 (7th Cir. 2007).  As this is precisely what Steitmatter has asked the Court to do, her Motion to Dismiss must be denied.

## CONCLUSION

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#24] of the Magistrate Judge in its entirety.  Accordingly, the Motion to Dismiss by Defendants Smith, McCoy, and the City [#4] is DENIED, and Steitmatter's Motion to Dismiss [#11] is also DENIED.  This matter is REFERRED to the Magistrate Judge for further proceedings.

ENTERED this 7th day of September, 2007.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge


- 4 -