UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNESTRA TAYLOR-DOYLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-1048 |
| ) | |
| DAVID POEHLS, et. al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is now before the Court on Plaintiff, Annestra Taylor-Doyle ("Taylor-Doyle's"), Motion to Strike Testimony in Defendants' Motions for Summary Judgment. For the reasons set forth below, the Motion to Strike [#101] is DENIED.

**JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343 (a)(4), as the claims arise under the Civil Rights Act of 1871, 42 U.S.C.. The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367.

**FACTUAL BACKGROUND**

On March 2, 2007, Plaintiff commenced this § 1983 action, arising from her allegedly false arrest on charges of battery. Five of the original parties have been subsequently dismissed from this matter. Currently before the Court are Motions for Summary Judgment filed by each of the remaining Defendants in this case:  David Poehls ("Poehls"), Dean of Richwoods High School, and Peoria School District 150 ("District 150"); David Nelson ("Nelson"), Detective with the Peoria Police Department, and the City of Peoria, Illinois; and Steven Sizemore ("Sizemore"), Department of Children and Family Services Investigator. In their Motions, each

Defendant references deposition testimony recalling the content of out-of-court conversations which occurred over the course of the Defendants' investigations into the allegations against Taylor-Doyle. Plaintiff now seeks to strike the following statements from the record as inadmissible hearsay:

1. Statements made by Shanna Taylor to Dean Poehls, Detective Nelson, and Investigator Sizemore accusing her mother of child abuse.
2. Shanna Taylor's recantation of the earlier accusations.
3. Shaun Taylor's statements during interviews with Detective Nelson accusing the Plaintiff of child abuse.
4. Statements made by Markie C., a student at Richwoods High School during an interview with Detective Nelson.
5. Statements made to Investigator Sizemore and Detective Nelson by L.T., Ky.T., and Ki.T.
6. Larissa Taylor's statements to Detective Nelson and Investigator Sizemore.
7. Cytella Atterbury's statements to Investigator Sizemore.

Plaintiff also challenges the admissibility of Defendants' testimony regarding the witness credibility assessments made during their investigations.[1]

## DISCUSSION

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Ev. 801 (c). The aforementioned statements were all made by various witnesses during interviews with Detective Nelson, Dean Poehls, and Investigator Sizemore over the course of their inquiries into alleged abuse suffered by S.T. at the hands of Taylor-Doyle. None of the

---

[1] Plaintiff's challenge to Defendant Sizemore's characterization of Janine Mallicoat as an Assistant State's Attorney is moot. The two references to Mallicoat in the facts section of Sizemore's Motion for Summary Judgment are not material to this case.

statements, however, are offered to prove the truth of the matter asserted. Thus, none of the statements are hearsay.

Every statement listed above has been offered by one of the three main Defendants (Dean Poehls, Detective Nelson, and Investigator Sizemore) to show that their actions were appropriate under the circumstances. The case law of this Circuit clearly establishes that, in a § 1983 action alleging violations of the Fourth Amendment, statements by witnesses to defendant police officers are not offered for their truth, "but to show the effect that the statements had on the officer[s]" and, as a result, are admissible. Woods v. City of Chicago, 234 F.3d 986-87 (7th Cir. 2000); *see also* Smith v. Lamz, 321 F.3d 680, 685 n. 3-686 (7th Cir. 2003) (holding that the witnesses' statements to defendant police detective are not hearsay because they were introduced "to show the effect" of the statements on the detective and that the detective had probable cause to suspect the plaintiff of committing the offense). Likewise, "offering testimony to establish background facts leading up to a sequence of events… is an ostensibly non-hearsay use of evidence." U.S. v. Linwood, 142 F.3d 418, 425 (7th Cir. 1998). Defendants Poehls, Sizemore and Nelson each took actions based on statements made to them by various people. As a result, their testimony establishes the background information necessary to evaluate whether the arrest of Taylor-Doyle and seizure of her children violated the Constitution and/or Illinois state law.

Contrary to the Plaintiff's assertions, the veracity of the statements given to each Defendant is immaterial to the matter at hand. This Court is not inquiring into whether Taylor-Doyle abused her children. Instead, the various Constitutional and state law claims before the Court require an inquiry into subjects such as the reasonableness of each Defendant's actions and/or the existence of probable cause. *See generally* Holmes v. Village of Hoffman Estates, 511 F.3d 673 (7th Cir. 2007); Brokaw v. Mercer County, 235 F.3d 1000 (7th Cir. 2000). In light of the legal rules being

applied, it is clear that each statement has been submitted by the Defendants for the purpose of detailing the information collected by Poehls, Nelson, and Sizemore and showing that their actions were supported by reasonable justification and/or probable cause.

Taylor-Doyle also challenges the admissibility, under Fed.R.Ev. 608(a), of the Defendants' assertions that they found certain statements made to them during the investigations to be credible. However, Taylor-Doyle once again misstates the purpose for which the statements are offered. The Defendants are not proffering their assessments of the speakers' credibility to serve as a trial witness. Instead, the credibility assessments made by the Defendants upon initially hearing the statements of various interviewees are relevant to the reasonableness inquiry at the heart of many of the Plaintiff's claims. Holmes, 511 F.3d at 680, (quoting Jenkins v. Keating, 147 F.3d 577, 585 (7th Cir. 1998)) ("So long as a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest."); Jensen v. Foley, 295 F.3d 745, 746 (7th Cir. 2002) (noting that DCFS must investigate a child abuse allegation and find "that credible evidence exists supporting the claim" before a report can be designated as "indicated"); 325 ILCS 5/4 ("Any… school personnel (including administrators and both certified and non-certified school employees)… having reasonable cause to believe a child known to them in their professional or official capacity may be an abused child or a neglected child shall immediately report or cause a report to be made to the Department").  In part, the Defendants assert that their actions were reasonable because they received what they initially determined to be credible statements from a purported victim, as well as others, indicating that an alleged criminal act occurred. Such testimony is relevant to the legal analysis of the Plaintiff's claims, is not hearsay, and does not challenge the credibility of any trial witnesses in violation of Fed.R.Ev. 608(a).

## CONCLUSION

For the foregoing reasons, Taylor-Doyle's Motion to Strike [#101] is DENIED

ENTERED this 28th day of December, 2009.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge