E-FILED
Friday, 29 January, 2010  03:27:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANNESTRA TAYLOR-DOYLE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 07-1048 |
| ) | |
| DAVID POEHLS, et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Annestra Taylor-Doyle's ("Taylor-Doyle") Motion to Alter the Court's December 28, 2009 Order or Allow Plaintiff Leave to Submit Her Affidavits Giving Opinion on Credibility of S.T. and Sh.T. [#115]. Plaintiff's Motion is DENIED.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). As a result, it is inappropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id*. at 1270. Taylor-Doyle asserts that the Court made an "error of comprehension" in denying to strike portions of the Defendants' testimony under Federal Rule of Evidence 608. Plaintiff specifically asserts that the Defendants' testimony regarding their credibility assessments during the Taylor-Doyle investigation is inadmissible opinion testimony related to the "truthfulness of another witness' testimony." (Pl.'s Mem. Supp. Mot. 3.) However, Plaintiff has a fundamental misunderstanding Rule 608, the legal standards upon which her constitutional and state law claims (as well as Defendants' immunity defenses) are evaluated, and the purpose for which the Defendants are offering the statements at issue.

Federal Rule of Evidence 608 specifically regulates the admissibility of evidence which either bolsters or impeaches the credibility of witness *testimony*. Fed. R. Ev. 608 [emphasis added]. Plaintiff should note that, seeing as neither party has submitted sworn statements made by either S.T. or Sh.T. for the Court's consideration, S.T. and Sh.T. are *not* testimonial witnesses in this matter. More importantly however, is the fact that the Defendants' deposition testimony does *not* attempt to attack or bolster the "truthfulness" of S.T. and Sh.T.'s statements. The Defendants testified about the credibility they lent S.T. and Sh.T.'s statements at that time, based on their own perceptions as the principals conducting interviews with the children. To reiterate, for the purposes of this Order, the Court is *not* concerned with whether Taylor-Doyle actually abused her children. The heart of the legal inquiry before the Court is whether, based upon the totality of the circumstances, the Defendants actions were *reasonable*.

The information provided at the time by purported victims of, and eyewitnesses to, the alleged conduct is clearly relevant and material to the question of reasonableness. Such information greatly affects whether accusations are reported to the proper authorities, the nature of investigations, and the ultimate decision on whether to bring charges. This exact conduct is the basis for Plaintiff's lawsuit. Thus, Defendants' testimony is offered, not to address the veracity of S.T. and Sh.T.'s statements, but to address (1) the information upon which the Defendants based their actions and (2) how the Defendants weighed and assessed the information at their disposal at the time of their actions. Any affidavits Plaintiff wishes to file concerning her personal opinions regarding (1) S.T. and Sh.T.'s reputation for credibility and/or (2) the credibility of their statements to the Defendants are completely irrelevant to this matter because the Defendants did not have this information at the time of their actions. Additionally,

Plaintiff and her husband were deposed in this matter and the Court will not allow them to supplement their testimony with an affidavit with immaterial commentary.

## CONCLUSION

For the foregoing reasons, Taylor-Doyle's Motion to Alter the Court's December 28, 2009 Order or Allow Plaintiff Leave to Submit Her Affidavits Giving Opinion on Credibility of S.T. and Sh.T. [#115] is DENIED.

ENTERED this 29th day of January, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
